## Morgan Motor Vehicle Operator License Case.

Argued March 19, 1962.   Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*James L. Jubelirer,* with him *Jubelirer & Carothers,*
for appellant.

*Elmer T. Bolla,* Deputy Attorney General, with him
*David Stahl,* Attorney General, for Commonwealth, ap-
pellee.

OPINION BY ERVIN, J., April 12, 1962:

This is an appeal from the decree of the court below
sustaining a suspension of the appellant's operator's

privileges for a period of two months for a violation of the provisions of The Vehicle Code.

On April 28, 1960 at 6:30 a.m. appellant was apprehended by a state police officer for speeding at the rate of 60 miles per hour in a 50-mile per hour zone on the Pennsylvania Turnpike while the appellant was operating a truck and trailer. Appellant subsequently plead guilty before a justice of the peace and paid a fine and costs. Subsequently a departmental hearing was conducted at which time the appellant appeared and testified. Thereafter his license was suspended for two months under §1002-b-7 and §618-b-2 of The Vehicle Code. He then appealed to the court below which subsequently held a de novo hearing, after which it dismissed the appeal and sustained the Department of Revenue, Bureau of Highway Safety, which had issued the suspension order. Appellant's attorney argues that the speed violation was occasioned by a "split minute" decision whereby he felt it was his duty to accelerate beyond the speed limit "and take the chance of being arrested rather than drop back and take a chance of having an accident. . . ."

The appellant testified that he was not exceeding the speed limit when he attempted to pass the "Florida rig," that an elderly man had been following him, that as he was passing the "rig" the other driver accelerated, that he was going to brake down but because the elderly man was in a blind spot he was afraid to do so for fear the man would crash into him. He made the decision which he thought best to protect the man behind him and that was to exceed the speed limit in order to pass the "rig."

The police officer testified that he observed the appellant traveling at a rate of speed of 60 miles per hour; that he followed the appellant for about a mile and then clocked him for another half mile at 60 miles per hour.

We agree with the court below that this did not constitute such an emergency as to excuse the appellant's violation of The Vehicle Code. It is hornbook law that the sudden emergency rule cannot be invoked by one whose wrongful conduct created the emergency or gave rise to the situation of peril. An operator of a motor vehicle is not permitted to create an emergency by operating a vehicle at an unlawful rate of speed and then derive a benefit from such situation. In the present case there was no emergency to justify appellant's act of driving 60 miles an hour for a distance of approximately one and one-half miles. We can find no abuse of discretion in the action of the court below.

Decree affirmed.